UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PERRY F. MOTOLO, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:11-CV-464 RM<br>(Arising out of 3:06-CR-33(01)RM) |

OPINION and ORDER

Perry Motolo pleaded guilty without a plea agreement in February 2008 to all twenty-seven counts of an indictment: two counts of tax evasion, 26 U.S.C. § 7201; two counts of failure to file tax returns, 26 U.S.C. § 7203; one count of money laundering, 18 U.S.C. § 1957; and twenty-two counts of mail fraud, 18 U.S.C. § 1341. He was sentenced on June 23, 2008 to an aggregate term of 294 months imprisonment, to be followed by a five-year term of supervised release, and ordered to pay restitution in the amount of $3,175,763.06 and a special assessment of $2,700.00. The court of appeals dismissed Mr. Motolo's appeal April 9, 2009 for want of prosecution.

In October 2011, Mr. Motolo filed documents alleging that because the court had no jurisdiction over his case, the judgment is void and should be vacated and set aside. He further alleged that his demand to vacate the void judgment was "authorized by FRCP Rule 60(b) [and not] § 2255, § 2244, or Other U.S. Code Relief." The court determined that Mr. Motolo was challenging his conviction: he

was asking to have the judgment against him set aside based on claims of ineffective assistance of counsel (*e.g.*, he says counsel failed "to reveal the true nature and cause of the proceedings," to provide "the law that says felons cannot own guns, pistols or rifles," to provide him with "a copy of the U.S. Code applicable to [his] case," to provide him with "the sentencing guideline that states that a look back beyond 15 years for federal and 10 years for state convictions"), various actions of the government (*e.g.*, the government's "use of the U.S. Code in this matter brought forth to confine is outside the scope of any authority and jurisdiction which Congress intended," "the government exceeded its jurisdiction when it sought to enforce a judgment in a State (Republic) where their police power is non-existent," the government lacked "Delegation of Authority in the United States Constitution" to pursue an action against him), and his claim that "[i]f the imprisonment cannot be shown to conform with the fundamental requirements of the law, the individual is entitled to immediate release."

Regardless of the captioning Mr. Motolo used on his submissions, the court notified him, on November 3, that it intended to construe those documents as having been filed pursuant to 28 U.S.C. § 2255 and gave him time to withdraw the documents or submit any more materials he wanted the court to consider in support of a § 2255 petition. *See* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the

2

prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

In response, Mr. Motolo returned the court's November 3 order with "Refused for Cause" stamped across the front of the order. Mr. Motolo's accompanying letter explains that the order was returned "pursuant to full accord with Truth in Lending Act and the relevant laws," the order "did not comport to" seemingly random cases and federal rules, and the "United States of America, a Delaware Corporation, may not answer as a third party interloper where the defendant is mandated under law to answer matters regarding notices and demands to provide authority and jurisdiction as in Adams 319 US and the illegal use of the fraud law as cited in McNally 483 US." Mr. Motolo adds that "you are hereby ordered to prove your claim or cease and desist under the color of law. If you or your agent and/assigns are representing me or Perry F. Motolo, the juristic person, you are noticed of immediate termination of any/all contracts."

Mr. Motolo submitted more papers as well, including a "Notice of Default/Dishonor and Summary Judgment," an "Invoice for Damages," a "Final Notice of Entry and Res Judicata," a "Memorandum of Law and Points of Authority on Territorial Jurisdiction," a "Memorandum of Law and Points of Authority on Delegation of Authority," a "Memorandum of Law on the Matter of Void

3

Judgments," a copy of a Seventh Circuit Order, dated December 15, 2008, that Mr. Motolo claims "reversed the judgment in Account No. 306CR0033RLM," a "Synopsis of Service," and various exhibits. Mr. Motolo claims in those submissions that because the government didn't respond to his October 27 documents "on or before 5:00 o'clock in the afternoon of the 7th day after receipt of this resolution" and "prove the existence of federal jurisdiction by a showing of (1) documented proof of ownership of the situs where the 'alleged crime' was committed, and (2) cession of jurisdiction by the situs state pursuant to legislative protocol," the government is in default and its "illegal actions under the color of law invalidat[e] adjudication against [him]." Mr. Motolo claims the court now has "no authority to reach the merits but rather should dismiss the action" and award him a default/summary judgment in the amount of $3,285,000,000.

The government had no obligation to respond to his October 27 documents "in the afternoon of the 7th day after [their] receipt." The November 3 order giving Mr. Motolo time to withdraw his documents or submit additional materials in support of a § 2255 petition effectively stayed the proceedings until Mr. Motolo responded to the order or the time for doing so expired. Mr. Motolo isn't entitled to a default or summary judgment against the government, and his request for that relief is denied.

Since the court's earlier order gave Mr. Motolo the opportunity to either withdraw his submission or have it considered a § 2255 motion that he could supplement, the court interprets the latest filing as the latter: acknowledgment

4

that it will be consider a motion under § 2255 and submission or additional material relating thereto. Mr. Motolo's claim under 28 U.S.C. § 2255 is that the judgment against him is void and should be vacated and set aside because his counsel provided ineffective assistance and the government didn't prove that it had territorial jurisdiction over the situs where the crime was committed and didn't show that the situs was within the jurisdiction of the United States.

Petitions filed under 28 U.S.C. § 2255 are governed by a one-year limitations period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This court entered judgment on June 23, 2008, the court of appeals dismissed Mr. Motolo's appeal on April 9, 2009, and his conviction became final on July 8, 2010, when the ninety-day period for filing a petition for writ of certiorari expired. To be timely, then, Mr. Motolo's petition had to be filed by July 8, 2011. His initial documents were filed on October 27, 2011.

Mr. Motolo hasn't argued that the one-year limitations period is somehow inapplicable to his claims, nor has he argued that some other factor justifies

equitable tolling of the limitations period. *See* Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004) ("[U]nless [the court is] persuaded that the statute of limitations can and should be equitably tolled for his claims, they are time-barred."). Mr. Motolo's claims are untimely (and without merit) and, therefore, time-barred.

The court DENIES his request for relief pursuant to 28 U.S.C. § 2255 [docket # 1 (Cause No. 3:11-CV-464) and # 155 (Cause No. 3:06-CR-33)].

SO ORDERED.

ENTERED:  December 8, 2011

      /s/ Robert L. Miller, Jr.
     Judge, United States District Court

cc:   P. Motolo
      AUSA J. Barrett
      AUSA J. Cassara